F. C. Maning, V-05847
Chuckawalla Valley State Prison
P.O. Box 2349
B5-117U
Blythe, CA 92226

FILED

C JAN 28    11:53

RICH...
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

United States District Court
Northern District of California
The Honorable, Thelton E. Henderson
Senior United States District Court Judge
450 Golden Gate Avenue, 19th Floor
P.O. Box 36060
San Francisco, CA 94102-94102

*JSW*

January 14, 2008

Re: Madrid v. Gomez (over site over staff), pursuant to the order in
    Madrid, 18 U.S.C. Sects. 4, 241, 242, and, or 245.

**(PR)**

Your Honor,

This a follow-up letter to My December 27, letter. The
situation has worsened! The retaliation has increased against others
and Myself. Attached is a copy of an inmate appeal regarding two
incidents caused by correctional officer McCarthy (V. McCarthy),
directed at Me. This is the very same V. McCarthy, that was complained
of in the prior letter who victimized inmate R. Gonzalez, F-53536, of
CVSP, B5-122L. C/O McCarthy appears to have some psychological issues.
You would have to interview her to understand this.

On January 13, 2008, after 8:00 P.M. yard unlock, C/O V. McCarthy,
went on a rampage (this was her first night back after a short disappear-
nce). C/O McCarthy, then stopped an elderly inmate, then questioned him
as to if he was a child molester, then called him a child molester. This
scared and upset this inmate. I believe they are reading My legal mail
so I will omit this inmates name on the side of caution based upon his
age and health factors. C/O McCarthy also took this inmates cassette/
radio. This inmate was very disturbed after this incident. Another
incident about the same time. Three Mexican national, inmates, were
standing next to a wall, when C/O McCarthy approached the three. She
then questioned, then accused them of being "homosexual". She accused
one of pulling his pants down. These inmates told Me that no such action
ever occurred. I know these inmates, two of them live in My cube. They
are not gay, at all! C/O McCarthy, then took one of the inmates cassette
/radio, of which was later returned as it was aquired legally and on the
inmates property card. The inmates are G. Avalos, F-49518; F. Medina,
F-50774; and Osorio, H. V-53309. All three stated that they would testify
if called. It also observed that C/O McCarthy, preformed the very same
and like actions on other inmates that evening. As I stated she was on a
rampage, as she just conviently returned from a short absence interesting-
ly enough just a short time after You received My December letter.

The next case is that of inmate F. D. Becker, he was in My opin-
ion retaliated against for the declaration he wrote that Insubmitted to
Your Honor attached to the December letter. inmate Becker was retaliated
against again. This time by one of the inner circle of Captain Hughes,

C/O McCarthy, and now sgt. Hazs. Sgt. Hazs, just coincidently picks on inmate Becker. I know the people involved and they are all cronies! It is also very coincidental that this happens on the very same day that C/O McCarthy returns from her brief absence? Right after they cover-up any illegalities that were commited. This sgt. is the very same sgt. that harrassed an inmate Hawkins. Inmate Hawkins, upon obser- vation inmate Hawkins has some mental health issues. He was on SSI when on the streets for the very same mental health issues. Well evidently sgt. Hazs, noticed the obvious and stopped him on the way to P.M. chow, on the only Sundays that she works this yard. The sgt. then questioned inmate Hawkins about his mental health issues, and asked him if he was on SSI? He answered yes. Then in a rude and unprofessional manner, with vulgar profanaties, dismissed inmate Hawkins, ordered him back to his Dorm unit without his evening meal. All because he has mental health disabilities. All this in sgt. Hazs' usual MO! Then when inmate Hawkins, is called in on his inmate appeal by then third watch lt. Sloan, he is coerced in a vain attempt for him to dismiss his appeal against sgt. Hazs. Then all of a sudden his house is hit, more than once, then an inmate comes and warns him that if he wants the harrasement to stop, drop your appeal! Inmate Hawkins told me that he would get a copy of appeal as soon as I do, I will foward same.

I, beg His Honor, to do something here. Mr. John Hagar, as I recall stated in regards to the Madrid matter, that CDCR is not improv- ing but, going backwards. As far as I can see CVSP never left ground zero. That they are at the same level as when the Madrid case was founded. I beg this Court to act!

Sincerly!

F. C. Maning, V-05847

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

| | Location: Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| | 1. _____ | 1. _____ | _____ |
| | 2. _____ | 2. _____ | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME Maning, F. | NUMBER V-05847 | ASSIGNMENT AM Scullery | UNIT/ROOM NUMBER B5-117U |
|---|---|---|---|

A. Describe Problem: On January 1, 2008, at approximately 1900 hrs. while exiting the

B-Yard Dining Hall with My Biabetic I.D. and authorized snack (piece of fruit

(diabetic I.D.'s are issued and authorized by the Medical Dept., and must

have the CMO's signiture). See Exhibit "A". While exiting with said items in

hand, I and other inmates went into the B-Gym area to obtain our paper bag

containing one soda & one bag of popcorn, as it is a "tradition here at CVSP.

See Exhibit "B". Upon obtaining the traditional items the bag was yanked out

of My hands by Correctional Officer McCarthy (V. McCarthy), who very rudely

If you need more space, attach one additional sheet.    "SEE ATTACHED PART "A" CONTINUED"

B. Action Requested: Process this appeal as a citizens complaint, order an investigatio

on C/O McCarthy, and over site your staff pursuant to the Court orders in

the Madrid case, order C/O V. McCarthy to have a psychological evaluation as

this is not the first time she has violated the law regarding an inmate

Inmate/Parolee Signature: _____    Date Submitted: 1-13-08

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed    CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

"ATTACHED PART "A" CONTINUED"

stated: "you (I) are a diabetic, so you can't have any"! C/O McCarthy then
told Me to leave, and so I did. I then contacted our Dorm C/O and reported
what happened to R.C Gonsalez, who attempted to phone the watch office to
appellant speak with the watch sgt. several times, without an answer. I
did find out from other inmates that not only did the diabetics get cut
off by C/O McCarthy, so did the Jews, as now, C/O McCarthy not only is a
medical doctor and dietician. Now she is an expert Rabbi, as relating to
kosher foods. Not bad for a minimum GED. Further I thought medical was run
by the federal court and it's appointed receiver? Not correctional staff!
Also, CDCR has no policy as far as diabetic inmates (outpatients) in
general population. See Exhibit "C". Now appearantly C/O McCarthy is
acting on behalf of the Director, as to medical policy? I was also infomed
that some of the diabetic and religious meal/snack inmates went to the sgt.
and was sent back for the New Years treat. Others did not receive anything!
Upon yard release Appellant went to the Program Office, and found that the
watch sgt. was at a New Years gathering elsewhere in the Institution and
was unavailable. Appellant then saw C/O McCarthy, and asked her why did
some get their issue and others did not even after the sgt. authorized it?
Her response was "oh well", total indifference to those whoes due process
& equal protection rights disturbed.

The very next day, January 2, 2008. while following the line to the tray
window to pick-up My food. C/O McCarthy was in the doorway talking to
another C/O, when she saw Appellant. She then started on Me, derogatory
statements towards Appellant. First regarding My diabetes, then she called
Appellant a "child molester"! She (McCarthy made sure that the C/O with
her heard this and that the inmates in the surrounding area heard this.
There are several witnesses to this event, and they will remain anonymous
for obvious reasons. This tactic is commonly used on general population
(GP) main-lines, as this would result in the inmate being targeted for a
hit, that could result in his injury or even death. This does not work on
sensative needs yard (SNY) as this yard just turned, less than a year ago.
Quite evidently the staff here are untrained in these areas, and have no
experience in the operation of SNY inmates. Their actions and their results
make this apparant. Further this is not the only time C/O McCarthy has done
this.

## INMATE POSITION AND LEGAL ARGUMENT

Respondent has violated more laws, the Constitution (both Federal & State)
several criminal codes set forth in Title 18 USC, several California,
Penal Codes, several Civil Statutes in Title 42 USC and the California
Civil Code, several California Government Codes, several Federal & State
decisional laws, and the court orders in Madrid v. Gomez, far too many to
describe on a single piece of paper!


cc: U.S.D.C. N.D.Ca. The Honorable, Thelton E. Henderson, Senior District
    Court Judge, re: Madrid v. Gomez, over site of staff
    file

# Exhibit "A"

**CVSP DIABETIC I.D. CARD**



**DATE ISSUED: 8-16-07**
**INMATE: MANING, F.**
**CDC #: V-05847**

Has non-insulin dependent diabetes. He is to
present this I.D. to the kitchen departmental
staff at dinner to receive his diabetic snack
every day

D. Dunn, MD **08/08/07**
**John W. Culton MD. CMO SP    DATE**

State of California

California Department of Corrections and Rehabilitation

# Memorandum

*Exhibit "B"*

Date : December 21, 2007

To : Inmate Population

Subject: **SODA & POPCORN**

The tradition of passing out soda and popcorn on New Years Eye will continue this year. A bag containing 1 Coca Cola and 1 bag of popcorn will be passed out with the evening meal on Monday, December 31, 2007. These items will be allowed to be taken from the chow hall and back to the dorms. If you fail to go to chow, you will not receive your issue of soda & popcorn. Inmates working in Central Health, COC Building, and Fire House will receive their issue when their meals are delivered.

Happy Holidays!

PAUL WILLIAMS
Correctional Food Manager I
Chuckawalla Valley State Prison

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

Exhibit "C"



## DIRECTOR'S LEVEL APPEAL DECISION

Date: OCT 0 3 2007

In re:   Florencio Maning, V05847
Chuckawalla Valley State Prison
P.O. Box 2289
Blythe, CA 92226

IAB Case No.: 0701267          Local Log No.: MCSP-07-00611

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner V. O'Shaughnessy.   All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position that his blood sugar has been continually high lately and he believes it is due to the food served at Mule Creek State Prison (MCSP). The appellant requests a diabetic healthy diet.

**II   SECOND LEVEL'S DECISION:** The reviewer found that the appellant does not meet the criteria for a diabetic diet. The Department does not offer a special diet to inmates in general population (outpatient). An extra sack lunch is provided when medically necessary. The Second Level of Review states that according to current policy and procedure, the Department provides a Heart Healthy meal plan.   The Recommended Dietary Allowances (RDAs) are met on a weekly basis. The nutritional guidelines are:

- 2900 calories

- 30percent calories from fat

- 4-5 grams sodium

- 20-35 grams of fiber

- 100 percent of the RDA's

The appellant will continue to receive his diabetic prescriptions of Metformin 1000mg and Glyburide 5mg to help manage his diabetes.

The appeal was granted in part at the Second SLR.

**III  DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A.  FINDINGS:** The Director's Level of Review reviewed the appellant's appeal complaint, the SLR response, and contacted CVSP medical staff for further information. The appellant transferred to CVSP in mid-July. Staff report that his UHR indicates his blood sugar is required to be checked every three months. He has an appointment scheduled for September 6, 2007, in the chronic care clinic and staff will evaluate his condition at that time. The appellant's issues have been addressed.

No modification to the SLR is warranted.

**B.  BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3084.1, 3350, 3350.1, 3352, 3354

**C.  ORDER:** No changes or modifications are required by the Institution.

FLORENCIO MANING, V05847
CASE NO. 0701267
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, CVSP
        Health Care Manager, CVSP
        Appeals Coordinator, CVSP
        Medical Appeals Analyst, CVSP
        Appeals Coordinator, MCSP
        Medical Appeals Analyst, MCSP

CALIFORNIA DEPARTMENT OF CORRECTIONS

Procedure for Processing Citizens' Complaints

*The Department of Corrections is committed to ensuring all departmental employees are courteous, ethical, and professional in carrying out the Department's mission. The Department shall investigate citizens' complaints against employees to preserve the integrity and morale of the Department, foster public trust and confidence, and ensure accountability to the public. The investigations shall be thorough and impartial, with the intent of correcting or disciplining employees who engage in misconduct, identifying inadequate policies and training, and protecting employees who perform their duties properly from unwarranted criticism. The following outlines the process used by the Department for investigating complaints by citizens and departmental employees.*

1.  Section 3391(b) of California Code of Regulations, Title 15, specifies that all allegations by a non-inmate of misconduct by a departmental peace officer is a citizens' complaint pursuant to Penal Code Section 832.5. A citizens' complaint against any departmental employee may be initiated by completing and submitting this form to; (a) any departmental hiring authority, including warden/administrator of correctional institution, parole office, or other departmental office; (b) any departmental supervisor or manager; or, (c) any Regional Office or Headquarters Office of the Department's Office of Internal Affairs. If your complaint regards sexual harassment or discrimination based on race, gender, national origin, religion, sexual orientation, or disability, it may be referred to the Department's Equal Employment Opportunity Office for investigation and appropriate disposition.

2.  Provide as much detail as possible on this form to ensure a thorough and timely investigation. Attach additional sheets if necessary to describe your complaint. In addition, attach any documentation you believe supports your complaint. The date, time, and location of the incident, where the subject employee(s) works, and names, addresses, and telephone numbers of other involved parties and witnesses are critical to a thorough investigation of your complaint.

3.  Your complaint will be investigated by a departmental hiring authority or the Office of Internal Affairs depending on the nature and seriousness of the allegation(s).

4.  As the complainant, you will be contacted during the investigation regarding the information provided on this form and supporting documents, as well as any other knowledge you may have relative to the allegation(s). You may be interviewed regarding your complaint and, if criminal conduct is alleged, you may also be contacted by other federal, state, and/or local law enforcement agencies.

5.  The investigator will verify the information you provide by collecting evidence and interviewing witnesses, other involved parties, and the subject employee(s). A final investigative report will be prepared at the conclusion of the investigation, and you will be notified of the results of the investigation.

6.  The departmental hiring authority will be provided with the investigative report. If any allegations of misconduct are sustained, a determination will be made regarding appropriate corrective and/or disciplinary action against the employee. The Director of Corrections has final authority on disciplinary matters.

7.  In some cases, the results of the investigation may warrant changes to a departmental policy/procedure to alleviate any future concerns.

8.  If formal adverse action is taken against the employee(s), the employee(s) has a right to appeal this action to the State Personnel Board. The Board may uphold the Department's action, or overturn the action based on its own independent evaluation of the allegation(s) and finding(s).

9.  Complaints and investigative reports will be retained by the Department for a period of five years.

NOTE: A complaint by an inmate or parolee under the Department's jurisdiction shall be made on the Inmate Parolee Appeal Form (CDC Form 602) under the appeal process outlined in the California Code of Regulations, Title 15, Section 3084 through 3084.7.

| Office of Internal Affairs: | Northern Region | Central Region | Southern Region |
| --- | --- | --- | --- |
| | P.O. Box 3009 | 5016 California Avenue | 4035 Haven Avenue |
| | Sacramento, CA 95812 | Suite 210 | Suite 105 |
| | | Bakersfield, CA 93309 | Rancho Cucamonga, CA 91730 |
| | | 661 335-7357 | 909 483-6594 |

STATE OF CALIFORNIA                                                                DEPARTMENT OF CORRECTIONS

CDC 1858 (2/97)

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

**Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:**

YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER [this includes a departmental peace officer] FOR ANY IMPROPER POLICE [or peace] OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS' [or inmates'/parolees'] COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN [or inmate/parolee] COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.

IT IS AGAINST THE LAW TO MAKE A COMPLAINT THAT YOU KNOW TO BE FALSE. IF YOU MAKE A COMPLAINT AGAINST AN OFFICER KNOWING IT IS FALSE, YOU CAN BE PROSECUTED ON A MISDEMEANOR CHARGE. [An inmate/parolee who makes a complaint against a departmental peace officer, knowing it is false, may be issued a serious disiplinary rule violation, in addition to being prosecuted on a misdemeanor charge.]

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| Florencio Maning, V05847 | | January 12, 2008 | |
| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER | DATE SIGNED |
| Florencio Maning | | V-05847 | 1-12-08 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant



# § 832.5 CITIZENS' COMPLAINTS AGAINST PERSONNEL; INVESTIGATION; DESCRIPTION OF PROCEDURE; RETENTION OF RECORDS.

(a) Each department or agency in this state which employs peace officers shall establish a procedure to investigate citizens' complaints against the personnel of such departments or agencies and shall make a written description of the procedure available to the public.

(b) Complaints and any reports or findings relating thereto shall be retained for a period of at least five years. (*Added by Stats. 1974, c. 29 §1. Amended by Stats. 1978, c. 630 §4.*) (All reference to California Penal Code 1994.)

## PERSONNEL COMPLAINT:

Complainant **Florencio Maning, CDC No. V-05847**

Address **Chuckawalla Valley State Prison, P.O. Box 2349,**

City **Blythe**          State **CA**          Zip **92226**

Residence phone (_____) **N/A**

Business phone (_____) **N/A**

Date and time of incident **January 1 & 2, 2008, both at 1900hrs**

Location of incident **CVSP Dining area, outside on first incident, inside dining hall on 2nd incident.**

☑ **Check only one:**

1. ☐ Police Department
2. ☐ California Highway Patrol
3. ☐ U.S. Marshall
4. ☐ Sheriff's Department
5. ☐ Medical Staff
6. ☐ District Attorney
7. ☐ County Grand Jury
8. ☐ Internal Affairs
9. ☒ Department of Corrections
10. ☐ Bar Association

Personnel involved **Correctional Officer, V. McCarthy, CVSP, 3rd Watch Dining Hall Officer.**

Names and addresses of witnesses **Donald Hart, V-54114, CVSP, P.O. Box 2349, B5-217L, Blythe, CA 92226; and an unknown Correctional Officer working the between A & B side tray windows; and an unknown inmate passing out fruit/pies.**

Statement of complaint **On January 1, 2008, at approx. 1900 hrs, while exiting Dining Hall on CVSP, B-Yard, just outside the exit door, just in the B-Gym area, bags (paper) were being handed-out to all inmates. As I was walking-out I had to present My CVSP Diabetic I.D. Card as I had a piece of fruit in My hand. This Because I am a Type II Diabetic. When I was handed My lunch bag with the single 12 oz coke, and a small bag of popcorn. The bag was rudely taken out of My by Correctional Officer V. McCarthy. She stated that "You (I) are a diabetic, and You (I) can't have it." I told Her (McCarthy) that the memo stated everyone was to get one. She told Me to "get out of here". Later that evening I talked to staff in our unit who told Me to talk to the Sgt. (watch). He was not available but I did catch C/O McCarthy in front of B-Program Office. I informed Her that She did this to many diabetics & Jews (approved religious meals), and that the watch sgt. had resolved the problem and had sent some inmates back to get their**



Policy Challange/Reverse Discrimination

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
INMATE/PAROLEE APPEAL FORM
FORMA PARA APELACIÓN DE
RESOS/LIBERTADOS CON CONDICIONES
CDC 602-B (3/93)
OCT 2 9 2007
INMATE APPEALS OFFICE

LOCATION: FACILITY / PAROLE REGION
CVSP

LOG NO.
1. 07-00892

CATEGORY
9

1.
2.
2.

Page 1

Usted puede apelar cualquier póliza, acción o decisión cual tenga significativo adverso afecto para usted. Con la excepción de CDC 115es Serios, acciones del comité de clasificaciones, y decisiones de clasificación u oficiales representantes, primero tiene que informalmente buscar ayuda por medio de discuciones con el oficial apropiado, quien firmara su forma e indicara que accion fue tomado. Si entonces no está satisfecho, puede enviar su apelación junto con todo documento soportivo y no más de una página adicional con comentarios al Coordinador de Apelaciones dentro de quince días de la acción tomada. Ninguna represalia se tomará por responsablemente usar el procedimiento de apelaciones.

| NOMBRE (NAME) | NUMERO (NUMBER) | ASIGNACION (ASSIGNMENT) | UNIDA Y NO DE CUARTO (UNIT/ROOM NUMBER) |
|---|---|---|---|
| Maning, F. | V-05847 | A.M. Scullery | B5-117U |

A. DESCRIBA EL PROBLEMA (*DESCRIBE PROBLEM*) Recently a "trans-gender" arrive in "Dorm 5". Soon there after our (Non-trans-gender) inmate program was changed/modified capriciously and arbitrary. Based upon the above arrival. The only physical difference between the above-described inmate is that we are male and He is a male with rather large "breasts" that were created via it's own choice. So the vast majority of inmate are now prejudiced by a loss/reduction in shower program

Si necesita más espacio, adjunte una oja adicional. (*If you need more space, attach one additional sheet.*) See Attached Part "A" Continued

B. ACCIÓN SOLICITADA (*ACTION REQUESTED*) To cease any further program modification(s) for non-trans-gender inmates based upon reverse discrimination, provide via issuance of Athletic supporters, aka! Jokey Straps to non-transgender male inmates - Forthwith.

FIRMA DEL REO / LIBERTADO CON CONDICIONES (INMATE/PAROLEE'S SIGNATURE)

FECHA SOMETIDA (DATE SUBMITTED)
10-24-07

C. NIVEL INFORMAL (INFORMAL LEVEL)          Fecha Recibida (Date Received) _____

RESPUESTA DEL EMPLEADO (*STAFF RESPONSE*) _____

**BYPASSED**

FIRMA DEL EMPLEADO (STAFF SIGNATURE)

FECHA DEVUELTA AL REO (DATE RETURNED TO INMATE)

D. NIVEL FORMAL (FORMAL LEVEL)
Si no esta satisfecho, explíque debajo, adjunte documentos soportivos (CDC 115 completo, Reporte del Investigador, Informe de Clasificación, CDC 128, etc.) y sométalos al Coordinador de Apelaciones de la Facilidad/Región de Libertad Condicional para procesar dentro de 15 días de recibir la respuesta.  (If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the facility/parole region appeals coordinator for processing within 15 days of receipt of response.)

**BYPASSED**

FIRMA DEL REO / LIBERTADO CON CONDICIONES (INMATE / PAROLEE'S SIGNATURE)

FECHA SOMETIDA (DATE SUBMITTED)

NOTA: APELACIONES DE PROPIEDAD/FONDOS TIENEN
QUE SER ENVIADAS JUNTO CON UNA FORMA COMPLETA
DEL BOARD OF CONTROL BC-1B, EQUITY CLAIM.

CDC APPEAL NUMBER:

ATTACHED PART "F" CONTINUED

In response to Respondent's allegations that no one in the class except two knows what is going on. When the fact of the matter is that each and every inmate was threatened, or intimidated. I was told by two inmates that they were scared and did not want any trouble from Respondent's. One inmate told Me specifically that He did not want anymore time. My question is who is being manipulated. Inmate Becker, P-78120, who was threatened with a transfer to a mainline facility. That is a death sentence for any SNY, and Respondent knows this. Another pertinent observation is that the inmates who signed-off were all first termers. Further, inmate Foster, F-47030, B-5-165U, who passed the 602 around for signatures, and had the 602 available for anyone to read!

As far as the athletic supporters (AKA "jock straps" of which was not the main emphasis of this appeal), and since this is of so great concern to Respondent, lets analyze it. The question posed to Me by D. Ollison, AW, was why did I not file an ADA on a "jock strap"? My question is did inmate Mendoza, have to file an ADA inorder to obtain the three bras? I know not! They were supplied. The other issue relating to the ADA, is Respondent, continually uses and identifies with the term "accommodation" yet, the DSM IV and the DSM V have omitted any reference to or diagnoises thereof, regarding anything "transgender" The DSM is the Bible of diagnoises, put out by the United States Department of Health & Human Services Further, under present Social Security Guidlines, persons who surgically alter or modify their body without an eminent justification via a health risk factor(s), does not qualify for SSD or SSI, thus is no accommodatable as they are not disabled.

As far as how long the showers were shut down, it was explained clearly by Dorm staff, "the bottom shower (the largest shower) was shut down after count cleared till after our dorm returned." As explained to Capt. Hughes, this could take over forty minutes depending upon when We ate chow! This was brought up at a prior MAC meeting, so why all the confusion?

The main issue is that we have a gender bias issue, one group of inmates are being favored over another, that is reverse discrimination as defined, further emphasis added to 15 Cal. Code Regs Sect. 3004(a).

The next issue is, Respondent cites "Per the CCR, Section: Title 22" (sic) To the best of My recolection there are over "Eighty-Five Divisions" in Title 22 Cal. Code Regs. Each and every Division comences with Section one (1). Respondent cites that Title 22 which governs health care services of Institutions. Respondent misquotes the law. Title 22 has divisions that govern "Health Care Institutions", not health care in Institutions! Secondly Chuckawalla Valley State Prison is not rated, classified or has not been approved as a "medical facility or Institution by the Court ordered Medical Receiver, Mr. Robert Sillen, nor has it been ordered by the Federal Court. This is not a medical institution, hence the above regulations are inapplacable here, else Title 15 or the DOM would reference such. See attached CDSS Title 22 ORDER FORM!

As to mootness of this appeal. Mootness is irrelevant as Respondent violated it's own Regulations when preformed an act of reprisal against any one member of the class, as a matter of law.

State of California                                                            Department of Corrections

# Memorandum

Date  :   December 6, 2007

To    :   INMATE: MANING    V05847
          HOUSING UNIT: B5-117U

Subject:  **FIRST LEVEL RESPONSE, APPEAL LOG # CVSP-X-07-00892**

### SUMMARY OF APPEAL

You are appealing the issue: You are being discriminated against.

You are requesting: Housing Unit B5 not be shut down for one (1) hour for showers
and athletic support, AKA "jock straps", be issued to non-transgender inmates.

An interview was conducted with you by R. Leonard, CC-II, K. Hughes, FC and
D. Ollison, AW Complex I. Your Central File was reviewed for the purpose of the First
Level Response on November 7, 2007.

### SUMMARY OF INQUIRY

A thorough inquiry has been conducted into your appeal.  You have alleged: Inmates
in B5 were being forced out of the unit during the evening meal to allow a transgender
inmate the opportunity to shower. You also want all non-transgender inmates to be
issued "jock straps" and you are filing this appeal to prevent any future issues of
alleged reverse discrimination.

Per the CCR, Section: Title 22

After reviewing your allegations and the above regulations, we find that after
interviewing a sample of the members, numerous class action members of this
appeal with the exception of 2 other members, chose to withdraw their name from this
appeal. It was further discovered from the members of this class action including
yourself, no one was being personally discriminated against nor could anyone state
how they were being affected by the current shower schedule. On one occasion B5
staff did conduct a mandatory evacuation of the unit without knowledge or
authorization from their supervisors and OJT has since been provided to staff.

It was the general belief of the members of this class action appeal that the showers
in the unit (B5) were being shut down for an hour to accommodate one transgender
inmate and no other inmate in the unit could utilize the showers. Unfortunately, there
was a misconception by the population and no one in the class ever asked, consulted
or inquiry with any staff member to it's validity.

* CDC 1617 (3/89)

FIRST LEVEL RESPONSE LOG # CVSP-X-07-00892
INMATE: MANING                    CDC#V05847
HOUSING UNIT: B5-117U
PAGE 2

It was noted that inmates were not issued "jock straps". When asked this question to members of this class action appeal, none of the members have ever requested this item nor could anyone state why they needed this item. Many members did not know nor understood why this was part of the appeal. You stated Chuckawalla has allowed specialized clothing for transgender inmates. Title 22 which governs Health Care Services of Institutions as it pertains to transgender inmates, allows the Administration to determine if ordinary clothing restricted to females only can be used to accommodate an inmate who is transgender, which is the discretion of each prison's management.

APPEAL RESPONSE

For the reason(s) cited above your appeal is DENIED at the first level.

If you are dissatisfied with the decision, use section F of your CDC Form 602 stating why you are dissatisfied, and follow the instructions on the CDC-602.


R. LEONARD
Correctional Counselor II
Chuckawalla Valley State Prison

K. HUGHES
Facility Captain
Chuckawalla Valley State Prison

Wish to withdeawl My NAMS
SUMAS APPEAL log# 07-00382

_[signature]_ Jesse    V70517
_[signature]_          VJ2206
_[signature]_          V-1 7793
_[signature]_          F-79364

_[signature]_          V-03328
_[signature]_          V-58650
_[signature]_          F-48839
_[signature]_          J22242
_[signature]_          F11726
_[signature]_ Watson   F47813
_[signature]_ Vaughn   F41943
_[signature]_          F47106

STATE OF CALIFORNIA—HEALTH AND HUMAN SERVICES AGENCY
CALIFORNIA DEPARTMENT OF SOCIAL SERVICES

## REQUEST FOR MANUAL OF POLICIES AND
*(Use form GEN 387B to order Community Care Licensing Title 22, Division 6 and 12 regulations)*

Only one copy of each requested regulation will be sent.

| CHECK DESIRED REGULATION(S) ( ✓ ) | TITLE OF MANUAL | DO YOU WISH TO RECEIVE NOTIFIC. OF REVISIONS TO THESE MANUALS? Check ( ✓ ) One | | |
|---|---|---|---|---|
| | | No 2 | Yes | |
| | | | Hardcopy 3 Revisions | Email 4 Notification |
| | Operations Policies and Procedures | ☑ | ☑ | ☐ |
| | Staff Development and Training | ☐ | ☐ | ☐ |
| | Fiscal Management and Control | ☐ | ☐ | ☐ |
| | Statistical Reports | ☐ | ☐ | ☐ |
| | Child Welfare Services | ☐ | ☐ | ☐ |
| | Social Service Standards | ☐ | ☐ | ☐ |
| | Adult Protective Services Program | ☐ | ☐ | ☐ |
| | Eligibility and Assistance Standards (CalWORKs) | ☐ | ☐ | ☐ |
| | Food Stamps Policies and Procedures | ☐ | ☐ | ☐ |
| | Specialized Programs | ☐ | ☐ | ☐ |
| | Confidentiality, Fraud, Civil Rights, and State Hearing | ☑ | ☑ | ☐ |
| | Deaf Access Program | ☐ | ☐ | ☐ |
| | Adoption Users | ☐ | ☐ | ☐ |
| | Maternity Home Care | ☐ | ☐ | ☐ |
| | EBT MANUAL (Manual | | | |

TELEPHONE NUMBER
(     )

EMAIL ADDRESS

If you have a question about filling out this form contact the Office of Regulations Development at (916) 657-2586 or by email at: ord@dss.ca.gov

The regulations listed on this form are available on the California Department of Social Services internet page at:

http://www.dss.cahwnet.gov/ord/CDSSManual_240.htm

1. These manuals are frequently revised due to regulation changes.

2. If you do not wish to receive any revisions, check "No".

3. If you wish to receive revisions via the postal service, check "Hardcopy Revisions".

4. If you wish to receive notification of revisions via email, check "Email Notification" and an email address **must** be included in the last line of the "Ship To" section. The email notification will link the requestor to the revision posted on the CDSS internet site at:

http://www.dss.cahwnet.gov/ord/ManualLett_610.htm

I, F.D. Becker P-78120, of Chuckawalla Valley State Prison, B facility building 5 bed 167 middle, do hereby attest to:

On 11/07/07, at approximately 11:30 hours, I was advised to report to the B facility Program office in full state "BLUE" issue. Upon entering the Program office I was directed into an interview room, at wich point I was asked to state my name and CDCR number, wichI complied with. I was then advised that I was in front of K. Hughes, Captain of B facility, D. Ollison Associate Warden of C.V.S.P., and R. Leonard, Correctional Counselor II. There was one other person also, but I do not remember ever hearing her name or official capacity, and she did not become involved in the following discussion. I was advised that I had been called in to discuss a CDCR 602 (Inmate Appeal) form that I, along with approximately 75 other inmates had signed. I was asked if I was aware of this 602, and the contents of the 602. I replied that I was,

I was asked if I felt that I was being discriminated against, to wich I stated that to my knowledge, the complaint was due to the blatant disregard of Federal Statutes and Guidelines for DOC, IE: the preferential treatment of one individual or group of individuals. I was told that this is not a case of preferential treatment, but a case of resonable accomodation. "To my understanding, reasonable accomodation applies to people who are protected under the ADA, wich this person is NOT. The ADA does not recognize Homosexuality or Breast Augmentation Surgery as a cognitive disability requiring any type of accomodation." was my response. This statement brought out an argument of my personal prejudice against homosexuals (I have none), and the fact that this person is a "Transgender" individual, w ich I know is untrue. I was informed that they were doing everything in their power to rectify the situation and would I sign a piece of paper stating that I did not wish to persue this action When I told them I would not sign, they asked what I wished to personally gain from this appeal, to wich I responded that personal gain is not a motive. I was excused.

Since that time I have been "intimidated" by upper level staff on one occasion, but it w as done in a one on one conversation and thus is only heresay, there w ere no witnisses.

I F.D. Becker, declare that the foregoing is true and correct under penalty of perjury of the Laws of the United States, except where stated as to my belief or knowledge.
Executed this ninth day of November, 2007 at Chuckawalla Valley State Prison County of Riverside, State of California.

F. D. Becker  P-78120
Appellant and Declarant

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

1. _____        1. _____

2. _____        2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Becker, F. | P78120 | 2/W line server | B5-167 |

**A. Describe Problem:** On 01/13/08, I was called to speak with Sgt. Hazs due to an issue wich happened at my job assignment. The Sgt. was very unproffessional from the beginning of our conversation, becoming rude & vulgar, calling me a "stupid piece of shit". This Sgt. was in violatoin of ccr title 15, sections 3004(b) & ccr title 15, section 3391(a), in that all employees should act in a courteous & professional manner & not openly display disrespect in any manner, & never to address an inmate by derrogatory or slang reference, or use abusive, profane, or otherwise improper language while on duty.

If you need more space, attach one additional sheet.

**B. Action Requested:** I wish to be removed from my job assignment due to the fact that it not a friendly environment for me to work in at this time, & to have no "punishment" leveed against me(drop in status or loss of priveledges), A reprima & a psychological evaluation given to said Sgt( due to the fact that she could not complete a sntence without vulgarities.

Inmate/Parolee Signature: _____                    Date Submitted: 01/14/2008

**C. INFORMAL LEVEL (Date Received: _____ )**

Staff Response: _____

Staff Signature: _____                    Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____                    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

CALIFORNIA DEPARTMENT OF CORRECTIONS
Procedure for Processing Citizens' Complaints

*The Department of Corrections is committed to ensuring all departmental employees are courteous, ethical, and professional in carrying out the Department's mission. The Department shall investigate citizens' complaints against employees to preserve the integrity and morale of the Department, foster public trust and confidence, and ensure accountability to the public. The investigations shall be thorough and impartial, with the intent of correcting or disciplining employees who engage in misconduct, identifying inadequate policies and training, and protecting employees who perform their duties properly from unwarranted criticism. The following outlines the process used by the Department for investigating complaints by citizens and departmental employees.*

1.  Section 3391(b) of California Code of Regulations, Title 15, specifies that all allegations by a non-inmate of misconduct by a departmental peace officer is a citizens' complaint pursuant to Penal Code Section 832.5. A citizens' complaint against any departmental employee may be initiated by completing and submitting this form to; (a) any departmental hiring authority, including warden/administrator of correctional institution, parole office, or other departmental office; (b) any departmental supervisor or manager; or, (c) any Regional Office or Headquarters Office of the Department's Office of Internal Affairs. If your complaint regards sexual harassment or discrimination based on race, gender, national origin, religion, sexual orientation, or disability, it may be referred to the Department's Equal Employment Opportunity Office for investigation and appropriate disposition.

2.  Provide as much detail as possible on this form to ensure a thorough and timely investigation. Attach additional sheets if necessary to describe your complaint. In addition, attach any documentation you believe supports your complaint. The date, time, and location of the incident, where the subject employee(s) works, and names, addresses, and telephone numbers of other involved parties and witnesses are critical to a thorough investigation of your complaint.

3.  Your complaint will be investigated by a departmental hiring authority or the Office of Internal Affairs depending on the nature and seriousness of the allegation(s).

4.  As the complainant, you will be contacted during the investigation regarding the information provided on this form and supporting documents, as well as any other knowledge you may have relative to the allegation(s). You may be interviewed regarding your complaint and, if criminal conduct is alleged, you may also be contacted by other federal, state, and/or local law enforcement agencies.

5.  The investigator will verify the information you provide by collecting evidence and interviewing witnesses, other involved parties, and the subject employee(s). A final investigative report will be prepared at the conclusion of the investigation, and you will be notified of the results of the investigation.

6.  The departmental hiring authority will be provided with the investigative report. If any allegations of misconduct are sustained, a determination will be made regarding appropriate corrective and/or disciplinary action against the employee. The Director of Corrections has final authority on disciplinary matters.

7.  In some cases, the results of the investigation may warrant changes to a departmental policy/procedure to alleviate any future concerns.

8.  If formal adverse action is taken against the employee(s), the employee(s) has a right to appeal this action to the State Personnel Board. The Board may uphold the Department's action, or overturn the action based on its own independent evaluation of the allegation(s) and finding(s).

9.  Complaints and investigative reports will be retained by the Department for a period of five years.

NOTE: A complaint by an inmate or parolee under the Department's jurisdiction shall be made on the Inmate Parolee Appeal Form (CDC Form 602) under the appeal process outlined in the California Code of Regulations, Title 15, Section 3084 through 3084.7.

| Office of Internal Affairs: | Northern Region | Central Region | Southern Region |
|---|---|---|---|
| | P.O. Box 3009 | 5016 California Avenue | 4035 Haven Avenue |
| | Sacramento, CA 95812 | Suite 210 | Suite 105 |
| | | Bakersfield, CA 93309 | Rancho Cucamonga, CA 91730 |
| | | (661) 255-1337 | (909) 483-1594 |

STATE OF CALIFORNIA                                                                 DEPARTMENT OF CORRECTIONS

CDC 1858 (2/97)

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

**Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:**

YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER [this includes a departmental peace officer] FOR ANY IMPROPER POLICE [or peace] OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS' [or inmates'/parolees'] COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN [or inmate/parolee] COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.

IT IS AGAINST THE LAW TO MAKE A COMPLAINT THAT YOU KNOW TO BE FALSE. IF YOU MAKE A COMPLAINT AGAINST AN OFFICER KNOWING IT IS FALSE, YOU CAN BE PROSECUTED ON A MISDEMEANOR CHARGE. [An inmate/parolee who makes a complaint against a departmental peace officer, knowing it is false, may be issued a serious disiplinary rule violation, in addition to being prosecuted on a misdemeanor charge.]

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| Becker, F. D. | | January 13, 2008 | |
| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER | DATE SIGNED |
| Becker, F. D. | | P-78120 | 01/13/08 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

# § 832.5 CITIZENS' COMPLAINTS AGAINST PERSONNEL;
INVESTIGATION; DESCRIPTION OF PROCEDURE; RETENTION OF RECORDS.

(a) Each department or agency in this state which employs peace officers shall establish a procedure to investigate citizens' complaints against the personnel of such departments or agencies and shall make a written description of the procedure available to the public.

(b) Complaints and any reports or findings relating thereto shall be retained for a period of at least five years. (*Added by Stats. 1974, c. 29 §1. Amended by Stats. 1978, c. 630 §4.*) (All reference to California Penal Code 1994.)

## PERSONNEL COMPLAINT:

Complainant  Becker, F.D.

Address  Chuckawalla Valley State Prison

P.O. Box 2349, B-5-167M

City  Blythe    State  CA.    Zip  92226.

Residence phone (_____) ___N/A___

Business phone (_____) ___N/A___

Date and time of incident  01/13/08  0545

Location of incident  C.V.S.P. "B" Facility Dining

☑ **Check only one:**

1. ☐ Police Department
2. ☐ California Highway Patrol
3. ☐ U.S. Marshall
4. ☐ Sheriff's Department
5. ☐ Medical Staff
6. ☐ District Attorney
7. ☐ County Grand Jury
8. ☐ Internal Affairs
9. ☒ Department of Corrections
10. ☐ Bar Association

Personnel involved  C/O Pride 2/w Dining officer, Sgt. Hasz 2/w "B" facility Sgt.

Names and addresses of witnesses  C/O VASQUEZ, C/O CARRILLO, C/O WHITMORE,

Statement of complaint  On 01/13/08 at approximately 0545 hours I requested to be removed from my culinary assignment due to the verbal abuse received from C/O Pride. I left the dining hall at that point and returned to my housing unit. At 0600 hours I went to eat with the housing unit nothing was said to me on the way to or back from the meal. At 0620 hours I returned to the housing unit and was informed by C/O Simpson that Sgt. Hasz wanted to speak to me. I returned to the "B" facility dining hall to locate and speak with her. She asked me "what my problem is?" I explained that I d not wish to be treated like I'm stupid or like a piece of trash, that I was unappre ative of the position that puts me in, and that I wish to remove myself from that situation. She replied that I am a stupid piece of shit and that i'm in prison, therefore I have no rights other than those she wishes to grant me. She stated the she would put me in ad-seg, put me on C-status, change my release date, and make the remainder of my time at CVSP a living hell In order to show me who is in control.

F. Manning V05847
Chuckawalla Valley State Prison
P.O. Box 2349
117U
Blythe, CA

Legal Mail
___
___

LEGAL MATT

LEGAL MATT

LEGAL MAIL

RECEIVED
JAN 1 8 2008
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

LEGAL MATT

United States District Court
Northern District of California
Attn: TEH
450 Golden Gate Ave. 19th Floor
P.O. Box 36060
San Francisco, CA 94102-3661

LEGAL MATT

REC'D. IN
PRO S E
STAMP CUT OFF
11/07

LEGAL MATT